SPOONER R. HOWELL v. ALBERT DICKERMAN, CIRCUIT
JUDGE OF MUSKEGON COUNTY.

[See *ante*, 361.]

*Attachment—Debt not due—Allowance of writ.*

Before the clerk is authorized to issue a writ of attachment under
Act No. 149, Laws of 1889 (3 How. Stat. § 8016*a*), the statutory
affidavit must be presented to him, with the order of allow-
ance of the circuit judge indorsed thereon.

*Mandamus.*  Submitted  November  5, 1891.  Writ
granted November 13, 1891.

Relator applied for *mandamus* to compel respondent to
quash a writ of attachment.  The facts are stated in the
opinion, and in *Howell v. Muskegon Circuit Judge, ante,*
361.

*Bunker & Carpenter* (*Fletcher & Wanty,* of counsel), for
relator.

*Sessions, Soper & Bassett* (*FitzGerald & Barry,* of
counsel), for respondent.

PER CURIAM.  Application for *mandamus* to compel
respondent to quash a writ of attachment issued out of
the Muskegon circuit court at the suit of John Torrent,
plaintiff, against Spooner R. Howell, "doing business
under the name and style of S. R. Howell & Co."

The writ of *mandamus* must issue in the case, for rea-
sons stated in *Howell v. Muskegon Circuit Judge, ante,*
361, and also for this additional reason:  The statute
provides that the writ of attachment shall not issue until

the plaintiff, or some one in his behalf, shall have made an affidavit "showing reasons for the immediate issuance of said writ, to the satisfaction of a circuit judge," and obtained his order indorsed on such affidavit that such writ may issue and be proceeded with. The order in this case was indorsed upon the writ, and not upon the affidavit. It appears that the affidavit was attached to the writ when it was presented to the circuit judge, and he indorsed his order upon the writ instead of the affidavit; and the deputy-clerk makes affidavit that he issued the writ as a matter of course, as in other cases, and that the order that now appears indorsed upon the writ was not presented or shown to him, nor did he issue the writ in pursuance of said order. The attorney who procured the writ makes affidavit that the writ was prepared in his office, and the affidavit attached before it was presented to the circuit judge for indorsement, and after such indorsement was presented to the deputy-clerk, who thereupon signed and sealed the writ; but he does not know whether or not said deputy-clerk read such indorsement.

This is a matter we cannot determine upon affidavits. The order is required by the statute to be indorsed upon the affidavit, and the evident intention of the law is that the writ shall not issue until the affidavit, properly indorsed by the circuit judge, shall be presented to the clerk.

As the affidavit in this case has not such indorsement, the writ was improvidently issued, and is void.